1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID CARROLL STEPHENSON,

11          Plaintiff,                    No. CIV S-06-2735 LKK EFB PS

12   vs.

13   HARLEY G. LAPPIN, et al.,            ORDER AND FINDINGS
                                          & RECOMMENDATIONS
14          Defendants.
                                   /
15

16          This action, in which plaintiff is proceeding pro se, was referred to this court under Local

17   Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  By this order and findings and

18   recommendations, the court addresses several pending documents filed by plaintiff.

19          First, plaintiff filed what he styles as a "writ of praecipe" on March 26, 2007, in which he

20   demands that the Clerk of Court enter default as to both defendants Alberto R. Gonzales and

21   Harley G. Lappin.[1]  In the "writ," plaintiff demands that the Clerk enter an "order of default"

22   against the defendants pursuant to Fed. R. Civ. P. 55(a).  Obviously, the relief requested by the

23   writ has no relation to a "writ of praecipe" as it is defined above.  Construing the writ as a

24   _____

25          [1] A "writ of praecipe" is a writ that is sought "by the party to whom lands are to be
     conveyed by fine, the foundation of which is a supposed agreement or covenant that the one shall
26   convey the land to the other." *Black's Law's Dictionary* 1611 (6th ed. 1990).

                                            1

1  renewed request by plaintiff for the court to enter default against both defendants, it is denied as

2  discussed herein.

3          In addition to the "writ of praecipe," plaintiff has filed the following documents

4  concerning his request that default be entered against defendant Harley G. Lappin: a Notice of

5  Default, filed February 1, 2007; a Demand for Default Judgment, filed February 1, 2007; an

6  affidavit in support of the "notice" and "demand;" and, an Amended Notice of Default and an

7  amended affidavit in support thereof, both filed on February 7, 2007.

8          The court addresses each in turn.  In both the notice of default and demand for default

9  judgment filed on February 1, 2007, plaintiff requests that default be entered against defendant

10  Lappin pursuant to Fed. R. Civ. P. 55(a) for his failure to answer or otherwise respond to either

11  the original complaint filed on December 5, 2006, or the amended complaint filed on January 8,

12  2007.  In support of his request, plaintiff submits a "certificate of service" purporting to show

13  that a copy of the First Amended Complaint was served on defendant Lappin on January 9, 2007.

14  Plaintiff also attaches a proof of service purporting to show that defendant Lappin was

15  personally served with the original complaint and summons on January 7, 2007.[2]  Plaintiff also

16  attaches a declaration of non-service of summons, sworn to by the process server, showing that

17  an officer at the Federal Bureau of Prisons refused to allow service on December 18, 2006.  The

18  documents filed on February 1, 2007, with the demand for default judgment and affidavit in

19  support thereof, provide similar evidence regarding plaintiff's attempts to serve defendant

20  Lappin.

21  ////

22

23          [2]  It appears from the proof of service filed with plaintiff's many requests for entry of
    default judgment, that personal service may have been made on defendant Lappin at a residential
    address in Annapolis, Maryland (3102 Ervin Court), on January 7, 2007.  Assuming it was,

24  plaintiff has still failed to effect service as required under Fed. R. Civ. P. 4(i).  If plaintiff
    attempts to perfect service, he must do so in accordance with Rule 4(i), and should also serve the

25  most recent version of the complaint. *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956)
    ("[A]n amended pleading supersedes the original, the latter being treated thereafter as

26  non-existent. . . .Once amended, the original no longer performs any function as a pleading.").

1    Defendant Lappin is the Director of the Federal Bureau of Prisons.  As an officer and

2    employee of the United States, service of process on defendant Lappin is governed by Fed. R.

3    Civ. P. 4(i).

4    Based on the documents filed by plaintiff with this court, it appears that plaintiff failed to

5    effect service of process on defendant Lappin as required under Fed. R. Civ. P. 4(i).  Pursuant to

6    Fed. R. Civ. P. 4(i):

7    > Service on an officer or employee of the United States sued in an individual
>    capacity for acts or omissions occurring in connection with the performance of

8    > duties on behalf of the United States – whether or not the officer or employee is
>    sued also in an official capacity – is effected by serving the United States in the

9    > manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the
>    manner prescribed by Rule 4(e) . . . .

10

11   Fed. R. Civ. P. 4(i)(2)(B).

12   Based on a cursory review of plaintiff's amended complaint, it appears that he seeks to

13   sue both Alberto R. Gonzales and Harley G. Lappin in their individual capacities for acts or

14   omissions that allegedly occurred in connection with the performance of their duties on behalf of

15   the Untied States.  Accordingly, Rule 4(i) applies. Even if plaintiff means to sue defendants

16   Gonzales and Lappin in their official capacities, he must effect service of process as set forth in

17   Fed. R. Civ. P. 4(i).  *See* Fed. R. Civ. P. 4(i)(2)(A).

18   Under the relevant provisions of Rule 4(i)(2)(B), service of process must be effected by:

19   (1) delivering a copy of the summons and complaint to the United States Attorney for the district

20   in which the action is brought; (2) sending a copy of the summons and complaint by registered or

21   certified mail to the Attorney General of the United States; and (3) effecting personal service

22   against the defendant(s) as required under California law.  Fed. R. Civ. P. 4(i)(2)(B); 4(e).

23   Again, even if plaintiff means to sue defendants in their official capacities, plaintiff must satisfy

24   those first two requirements, and must also send a copy of the summons and complaint by

25   registered or certified mail to the officer or employee.  *See* Fed. R. Civ. P. 4(i)(2)(A).

26   ////

1     "It is axiomatic that service of process must be effective under the Federal Rules of Civil

2 Procedure before a default or a default judgment may be entered against a defendant." *Maryland*

3 *State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996).  Nothing that plaintiff has

4 filed with this court – including the more recent "amended notice of default" and affidavit in

5 support thereof, both filed on February 2, 2007 – demonstrates that service of process was

6 properly effected on defendant Lappin.  Accordingly, plaintiff's requests for entry of default

7 against defendant Lappin are denied.  Based on the foregoing, plaintiff's "demand for default

8 judgment" made pursuant to Fed. R. Civ. P. 55(b), filed February 1, 2007, should also be denied.

9

10     The court now turns to plaintiff's requests for entry of default as to defendant Gonzales.

11 To the extent the "writ of praecipe" renews plaintiff's request for entry of default against

12 defendant Gonzales, the court denies that request as well.  On February 1, 2007, plaintiff filed

13 the "demand for default judgment" discussed above.  That "demand" also seeks entry of default

14 judgment against defendant Gonzales.  The documents attached to that demand include a proof

15 of service showing that a clerical employee in the Attorney General's office was served with the

16 summons and a copy of the original complaint on December 18, 2006.  Again, despite this proof

17 of service, plaintiff has failed to establish that he effected service of process on Attorney General

18 Alberto Gonzales – an officer of the United States – as required under Fed. R. Civ. P. 4(i).

19     On February 2, 2007, plaintiff's first request for default was denied as premature.  The

20 current request for entry of default pursuant to Fed. R. Civ. P. 55(a), against defendant Gonzales

21 is not proper at the present time, and is also denied.  *Maryland State Firemen's Ass'n*, 166

22 F.R.D. at 354 (service of process must be effective under the Federal Rules of Civil Procedure

23 before a default or a default judgment may be entered against a defendant).  Entry of a default

24 under Rule 55(a) is a prerequisite to entry of a default judgment under Rule 55(b).  *Ramada*

25 *Franchise Sys. v. Baroda Enters., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004).  Because

26 plaintiff has not established default as to either defendant under Fed. R. Civ. P. 55(a), as

4

1  discussed above, his "demand for default judgment" under Fed. R. Civ. P. 55(b) should be

2  denied.

3          In conclusion, IT IS ORDERED that:

4          1.  Plaintiff's "writ of praecipe" filed on March 26, 2007, is denied;

5          2.  Plaintiff's demand for a hearing on his "demand for default judgment" filed February

6  1, 2007, is denied.

7          3. Plaintiff's "demand for entry of default" against defendant Harley G. Lappin, filed

8  February 1, 2007, is denied; and,

9          4.  Plaintiff's "amended demand for entry of default" as to defendant Harley G. Lappin is

10  denied.

11          Further, IT IS RECOMMENDED that plaintiff's "demand for default judgment"

12  pursuant to Fed. R. Civ. P. 55(b) against both defendants, filed February 1, 2007, be denied.

13          These findings and recommendations are submitted to the United States District Judge

14  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10)

15  days after being served with these findings and recommendations, any party may file written

16  objections with the court and serve a copy on all parties.  Such a document should be captioned

17  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

18  shall be served and filed within ten (10) days after service of the objections.  The parties are

19  advised that failure to file objections within the specified time may waive the right to appeal the

20  District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,

21  951 F.2d 1153, 1157 (9th Cir. 1991).

22  DATED:   April 13, 2007.

23                                            EDMUND F. BRENNAN

24                                            UNITED STATES MAGISTRATE JUDGE

25

26

                                            5