IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID CARROLL STEPHENSON,

    Plaintiff,                    No. CIV S-06-2735 LKK EFB PS

    vs.

HARLEY G. LAPPIN, et al.,

    Defendants.               <u>ORDER</u>

_____/

        On February 13, 2007, plaintiff filed a document objecting to the magistrate judge's February 2, 2007, order denying plaintiff's request for entry of default against defendant Alberto R. Gonzales, and requesting that the order "be dismissed." Construing plaintiff's motion as a motion to reconsider, the court issues the following order.

**I.**

**Standards**

        A non-dispositive pretrial motion referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) (1)(A) is reviewed under a clearly erroneous or contrary to law standard. <u>See</u> 28 U.S.C. § 636(b)(1)(A); Local Rule 72-303(f); <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980). Under this standard, the magistrate judge's decision is affirmed unless "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

1

committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948).

## II.

## Analysis

In the instant motion, plaintiff asks the court to reconsider the magistrate judge's order denying plaintiff's request for entry of default against defendant Alberto R. Gonzales. The motion objects to the magistrate judge's authority to issue an order denying entry of default. "The magistrate judge's authority is governed by statute and turns on whether a matter is deemed 'dispositive' or 'non-dispositive.'" United States v. Hansen, 233 F.R.D. 665, 669 (S.D. Cal. 2005) (citing 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72). "If a matter is non-dispositive, the magistrate judge may issue a written order deciding the matter. . . ." Id. "The district court defers to the magistrate judge's order on a non-dispositive matter unless it is clearly erroneous or contrary to the law." Id. (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

"Rule 72(a) defines non-dispositive matters as those 'pretrial matters not dispositive of a claim or defense of a party.'" Maisonville v. F2 America, Inc., 902 F.2d 746, 747 (9th Cir. 1990). Here, the magistrate judge's order denying entry of default as to defendant Gonzales was non-dispositive because it did not dispose of a party's claim or defense. The magistrate judge simply found plaintiff's request for entry of default under Fed. R. Civ. P. 55(a) to be premature. That ruling necessarily implies that plaintiff may attempt, when and if appropriate, for an entry of default against that defendant. The magistrate judge's order was not clearly erroneous or contrary to the law.

Therefore, IT IS HEREBY ORDERED that upon reconsideration, the February 2, 2007, order of the magistrate judge is affirmed.

DATED: May 29, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT