1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10  DAVID CARROLL STEPHENSON,

11          Plaintiff,                    No. CIV S-06-2735 LKK EFB PS

12      vs.

13  HARLEY G. LAPPIN, et al.,

14          Defendants.          ORDER & FINDINGS & RECOMMENDATIONS

15  _____/

16      This action, in which plaintiff is proceeding pro se, was referred to this court under Local

17  Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  This order addresses three pending

18  motions and plaintiff's failure to effect service of process on named defendants, Harley G.

19  Lappin, Director of the Federal Bureau of Prisons, and Alberto R. Gonzales, the United States

20  Attorney General.

21      First, the court addresses two "motions" filed by plaintiff on December 5, 2006,

22  respectively styled as "Ex Parte Motion to Demand That the Court Read All Pleadings Filed with

23  the Court and That the Court Adhere Only to Constitutionally Compliant Law and Case Law,

24  and More Particularly, the Bill of Rights, in its Rulings," and "Ex Parte Motion to Claim and

25  Exercise Constitutionally Protected Rights and Require the Presiding Judicial Officer to Rule

26  upon this Motion and All Attending Officers of the Court to Uphold Said Rights."  The court has

1

1   reviewed both motions and determined that neither is contemplated by the Federal Rules of Civil

2   Procedure or the Local Rules.  Nor do they request any particular relief grounded on any legally

3   cognizable theory.  They will therefore be placed in the file and disregarded.

4        Next, the court addresses plaintiff's "Petition in the Nature of a Motion for a Default

5   Summary Judgment," filed on April 30, 2007.  In this motion, plaintiff revives his argument that

6   he is entitled to default judgment against the named defendants.  Specifically, plaintiff argues

7   that because defendants have failed to respond to the amended complaint, he is entitled to

8   "default summary judgment" in his favor.

9        Plaintiff's previous requests for entry of default and default judgment have been denied

10  based on his failure to establish that service of process has been effected on either defendant in

11  accordance with Fed. R. Civ. P. 4.  On July 2, 2007, the district judge adopted the undersigned's

12  findings and recommendations and denied plaintiff's "demands" for default judgment in his

13  favor.  This court's April 13, 2007, findings and recommendations set forth in great detail the

14  requirements for effecting service of process pursuant to Rule 4, and explained how plaintiff has

15  failed to comply with them.  Plaintiff has still not provided any proof that service of process has

16  been properly effected on defendants.  Accordingly, his "Petition in the Nature of a Motion for a

17  Default Summary Judgment," should be denied as premature.

18       Pursuant to Rule 4(m), if a defendant is not served within 120 days of filing the

19  complaint, the court may dismiss the complaint without prejudice as to that defendant.  Fed. R.

20  Civ. P. 4(m).  In the order setting status conference, filed December 5, 2006, plaintiff was

21  directed to timely complete service of process on all parties.  As of the date of this order, more

22  than 200 days have passed since plaintiff filed an amended complaint on January 8, 2007.

23  Plaintiff has failed to effect service of process on either defendant.  Despite this court's detailed

24  explanation of Rule 4 in its April 13, 2007, findings and recommendations, plaintiff has chosen

25  ////

26  ////

2

1   to file another motion for "default judgment" rather than to comply with Rule 4.[1]  Accordingly,

2   the court recommends that this action be dismissed without prejudice for failure to timely effect

3   service of process on the defendants.

4       Accordingly, IT IS ORDERED that plaintiff's "motions" filed on December 5, 2006, will

5   be placed in the court file and disregarded.

6       Further, based on the foregoing, IT IS RECOMMENDED that:

7       1. The "Petition in the Nature of a Motion for a Default Summary Judgment" be denied

8   as premature;

9       2. This action be dismissed pursuant to Fed. R. Civ. P. 4(m); and,

10      3. The Clerk be directed to close this case.

11      These findings and recommendations are submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10)

13  days after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised

16  that failure to file objections within the specified time may waive the right to appeal the District

17  Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d

18  1153, 1157 (9th Cir. 1991).

19  DATED:   August 17, 2007.

20                          EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE
21

22

23  _____

24      [1] Plaintiff has also filed another document not contemplated by the Federal Rules of Civil
    Procedure demanding entry of default in his favor.  On April 30, 2007, plaintiff filed a
    "Motion/Demand For Presiding Article III Judge to Enter 'Order of Default' Against All
25  Defendants."  With this filing, plaintiff presents no proof regarding effective service of process
    and again rehashes his argument regarding his alleged entitlement to default judgment against
26  defendants.